# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CV 17-51-GF-BMM** |
| **Plaintiff,** | **FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT, AND ORDER OF FORFEITURE** |
| **vs.** | |
| **ONE FIREARM** | |
| **Defendants.** | |

Plaintiff, the United States of America, has moved for an entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court hereby makes the following Findings of Fact and Conclusions of Law:

1

## FINDINGS OF FACT

1. On June 14, 2017, Plaintiff, United States of America, filed in this cause its Verified Complaint for Forfeiture *In Rem* against the defendant property, consisting of the following: Springfield Armory Model XDS, .45 caliber semi-automatic pistol with obliterated serial number, to forfeit and condemn the defendant property for violation of 18 U.S.C. § 924(d) in violation of 18 U.S.C. § 922 (k). (Doc. 1, ¶ 1).

2. The Court issued a Warrant of Arrest *in Rem* (Doc. 4) and the defendant property was arrested on June 26, 2017. (Doc. 5).

3. Examination of the Court files and records in this case shows that pursuant to Supplemental Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States provided "direct notice" of this action to known potential claimant Bobby D. Potts, Jr. on June 15, 2017, by mailing to him a copy of the Verified Complaint for Forfeiture *In Rem* and Notice of Complaint for Forfeiture by first-class mail and certified mail to the address Bobby D. Potts, Jr. provided in his administrative claim. (Notice of Verified Complaint for Forfeiture, Doc. 2; Declaration in Support of U.S. Motion for Entry of Defaults, Doc. 7). The certified mail receipt for Bobby D. Potts, Jr. was signed for by Lisa Raitton on June 22, 2017. The first-class mailing sent to

Bobby D. Potts, Jr. at the same address was not returned to the U.S. Attorney's Office by the U.S. Postal Service.

4. The Notice of Verified Complaint for Forfeiture (Doc. 2) sets forth the deadlines for filing a verified claim to the defendant property, and answer or Rule 12 motion as required by Supplemental Rules G(5)(a) and (b).  Bobby D. Potts, Jr. failed to file a verified claim as instructed in the Notice of Verified Complaint for Forfeiture at page 2-3, ¶¶ 3-4.  (Doc. 2).  Potts also failed to file an answer or a motion under Fed. R. Civ. P. 12, within 21 days after the filing of a claim as required by Supplemental Rule G(5)(b) and as instructed in the Notice of Verified Complaint for Forfeiture at page 3, ¶ 5.  (Doc. 2).

5. Service by publication of the forfeiture action pursuant to Supplemental Rule G(4)(a)(iv)(C) was also provided to potential claimants, both known and unknown, by publishing on the government's asset forfeiture web site the Notice of Forfeiture Action for 30 consecutive days, beginning on June 17, 2017 and ending on July 16, 2017.  (*See* Declaration of Publication, Doc. 6, Attachment 1).  No claim was filed with the Court within 60 days of the first day of publication by any known or unknown potential claimant, as required by Supplemental Rule G(5)(a)(ii)(B).

6. After the United States moved for the entry of defaults of Bobby D. Potts, Jr. and unknown potential claimants, supported by Declarations (Doc. 7, 8, 9), the Clerk of District Court entered the defaults of known potential claimant Bobby D. Potts, Jr., and unknown potential claimants on September 19, 2017. (Doc. 10).

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture In Rem to forfeit the defendant property consisting of firearms and ammunition, pursuant to 18 U.S.C. § 924(d)(1).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in and around Billings, Montana, and the defendant property is located in this district.

3. The Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure govern civil forfeiture actions. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

4. The Verified Complaint for Forfeiture in Rem sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial, to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant firearms and ammunition. The serial number on the Defendant firearm is obliterated. Due to the design of the firearm, there is no way to replace the serial number. As a result, the firearm is contraband and cannot be possessed by anyone under 18 U.S.C. § 922(k).

5. Under 18 U.S.C. § 924(d), any firearm or ammunition involved or used in any violation of 18 U.S.C. § 922(k) shall be subject to seizure and forfeiture.

6. The United States properly provided notice of this action to known potential claimant, Bobby D. Potts, Jr., under Rule G(4)(b)(i) and (iii). The United States properly provided notice by publication to unknown potential claimants under Rule G(4)(a)(iv)(C). The Clerk of District Court properly entered the defaults of known and unknown potential claimants in accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5). (Doc. 10).

7. The United States is entitled to default judgment against the defendant firearm and against any claims to the defendant property under Fed. R. Civ. P. 55(b)(2). The United States is further entitled to an order of forfeiture of the defendant firearm.

Based upon the foregoing findings of fact and conclusions of law,

**IT IS ORDERED:**

1. The United States is granted a default judgment against the defendant firearm, which are more particularly described as follows: Springfield Armory Model XDS, .45 caliber semi-automatic pistol with obliterated serial number.

2. The defendant firearm is hereby forfeited to the United States and shall be disposed of in accordance with law.

DATED this 9th day of November, 2017.

_____
Brian Morris
United States District Court Judge